# Exhibit 1C

Mark McKane (SBN 230552)
mmckane@kirkland.com
Michael P. Esser (SBN 268634)
michael.esser@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel Laytin (pro hac vice application forthcoming)
dlaytin@kirkland.com
Zachary Holmstead (pro hac vice application forthcoming)
zachary.holmstead@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Defendant*
*Blue Cross Blue Shield Association*

*Counsel for additional Defendants*
*listed below*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| VHS LIQUIDATING TRUST, a liquidating trust for Verity Health System of California, Inc., a California corporation; PRIME HEALTHCARE SERVICES, INC., a Delaware corporation; PRIME HEALTHCARE FOUNDATION, INC., a Delaware corporation; and PRIME HEALTHCARE MANAGEMENT, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, and CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA, all California corporations; BLUE CROSS AND BLUE SHIELD OF ALABAMA; an Alabama corporation; PREMERA and PREMERA BLUE CROSS, also d/b/a PREMERA BLUE CROSS | CASE NO. ____________<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of California, County of Alameda (Case No. RG21106600)<br><br>ACTION FILED IN ALAMEDA SUPERIOR COURT: July 27, 2021<br><br>COMPLAINT SERVED ON: August 23, 2021 (earliest date a Defendant was served)<br><br>NOTICE OF REMOVAL FILED: September 22, 2021 |

BLUE SHIELD OF ALASKA, both Washington corporations; BLUE CROSS BLUE SHIELD OF ARIZONA, INC., an Arizona corporation; USABLE MUTUAL INSURANCE COMPANY d/b/a ARKANSAS BLUE CROSS AND BLUE SHIELD, an Arkansas corporation; ANTHEM, INC. f/k/a WELLPOINT, INC. d/b/a ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, an Indiana corporation, and its subsidiaries or divisions, including, ANTHEM HEALTH PLANS, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT, a Connecticut corporation; BLUE CROSS AND BLUE SHIELD OF GEORGIA, a Georgia corporation; ROCKY MOUNTAIN HOSPITAL & MEDICAL SERVICE INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF COLORADO, a Colorado corporation, and ANTHEM BLUE CROSS AND BLUE SHIELD OF NEVADA, a Nevada corporation; ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS BLUE SHIELD OF INDIANA, an Indiana corporation; ANTHEM HEALTH PLANS OF KENTUCKY, INC. d/b/a ANTHEM BLUE CROSS BLUE SHIELD OF KENTUCKY, a Kentucky corporation; ANTHEM HEALTH PLANS OF MAINE, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF MAINE, a Maine corporation; HMO MISSOURI INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD OF MISSOURI, a Missouri corporation; RIGHTCHOICE MANAGED CARE, INC., a Missouri corporation; HEALTHY ALLIANCE LIFE INSURANCE COMPANY, a Missouri corporation; ANTHEM HEALTH PLANS OF NEW HAMPSHIRE, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF NEW HAMPSHIRE, a New Hampshire corporation; EMPIRE HEALTHCHOICE ASSURANCE, INC. d/b/a EMPIRE BLUE CROSS BLUE SHIELD, a New York corporation; COMMUNITY INSURANCE COMPANY d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF OHIO, an Ohio corporation; ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF VIRGINIA, INC., a Virginia corporation; BLUE CROSS BLUE SHIELD OF WISCONSIN, d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF WISCONSIN, )

and COMPCARE HEALTH SERVICES INSURANCE CORPORATION, both Wisconsin corporations; HIGHMARK HEALTH SERVICES and HIGHMARK INC. d/b/a HIGHMARK BLUE SHIELD and HIGHMARK BLUE CROSS BLUE SHIELD and including HIGHMARK INC. predecessor HOSPITAL SERVICE ASSOCIATION OF NORTHEASTERN PENNSYLVANIA f/d/b/a BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, all Pennsylvania corporations; HIGHMARK BLUE CROSS BLUE SHIELD DELAWARE INC. d/b/a HIGHMARK BLUE CROSS BLUE SHIELD DELAWARE, a Delaware corporation; HIGHMARK WEST VIRGINIA INC. d/b/a HIGHMARK BLUE CROSS BLUE SHIELD WEST VIRGINIA, a West Virginia corporation; CAREFIRST, INC., a Maryland corporation, and its subsidiaries or affiliates including GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., CAREFIRST OF MARYLAND, INC., and CAREFIRST BLUECHOICE, INC., which collectively d/b/a CAREFIRST BLUECROSS BLUESHIELD, all Maryland corporations; GUIDEWELL MUTUAL HOLDING CORPORATION, a Florida corporation; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation; HAWAII MEDICAL SERVICE ASSOCIATION d/b/a BLUE CROSS AND BLUE SHIELD OF HAWAII, a Hawaii corporation; REGENCE BLUESHIELD OF IDAHO, INC., and BLUE CROSS OF IDAHO HEALTH SERVICE, INC. d/b/a BLUE CROSS OF IDAHO, both Idaho corporations; CAMBIA HEALTH SOLUTIONS, INC., an Oregon corporation, d/b/a REGENCE BLUESHIELD OF IDAHO, INC., REGENCE BLUE CROSS BLUE SHIELD OF OREGON, REGENCE BLUE CROSS BLUE SHIELD OF UTAH, and REGENCE BLUE SHIELD (WASHINGTON); HEALTH CARE SERVICE CORPORATION, an Illinois mutual legal reserve company, an Illinois corporation d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, BLUE CROSS AND BLUE SHIELD OF MONTANA, including its predecessor, CARING OR MONTANANS, INC., BLUE CROSS AND BLUE SHIELD OF NEW MEXICO, BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, and BLUE CROSS AND BLUE SHIELD OF )

TEXAS, INC.; WELLMARK, INC., including its subsidiaries and/or divisions, and WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA, both Iowa corporations, WELLMARK OF SOUTH DAKOTA, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF SOUTH DAKOTA, a South Dakota corporation; BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., a Kansas corporation; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA, a Louisiana corporation; BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., a Massachusetts corporation; BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, a Michigan corporation; AWARE INTEGRATED, INC. and BCBSM, INC. collectively d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA, both Minnesota corporations; BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, a mutual insurance company; BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, a Missouri corporation; GOODLIFE PARTNERS, INC., and BLUE CROSS AND BLUE SHIELD OF NEBRASKA, both Nebraska corporations; HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, a New Jersey corporation; HEALTHNOW SYSTEMS, INC., and HEALTHNOW NEW YORK, INC. d/b/a BLUECROSS BLUESHIELD OF WESTERN NEW YORK and BLUESHIELD OF NORTHEASTERN NEW YORK, and LIFETIME HEALTHCARE, INC. and EXCELLUS HEALTH PLAN, INC. collectively d/b/a EXCELLUS BLUECROSS BLUESHIELD, all New York corporations; BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, INC., a North Carolina corporation; NORIDIAN MUTUAL INSURANCE COMPANY and HEALTHYDAKOTA MUTUAL HOLDINGS collectively d/b/a BLUE CROSS BLUE SHIELD OF NORTH DAKOTA, both North Dakota corporations; CAPITAL BLUE CROSS, and INDEPENDENCE HEALTH GROUP, INC. and INDEPENDENCE HOSPITAL INDEMNITY PLAN, INC. f/k/a INDEPENDENCE BLUE CROSS, all Pennsylvania corporations; TRIPLE-S MANAGEMENT CORPORATION and TRIPLE-S )

SALUD, INC., both Puerto Rico corporations; BLUE CROSS & BLUE SHIELD OF RHODE ISLAND, a Rhode Island corporation; BLUE CROSS BLUE SHIELD OF SOUTH CAROLINA, a South Carolina corporation; BLUECROSS BLUESHIELD OF TENNESSEE, INC., a Tennessee corporation; BLUE CROSS AND BLUE SHIELD OF VERMONT, a Vermont corporation; BLUE CROSS BLUE SHIELD OF WYOMING, a Wyoming corporation; the BLUE CROSS AND BLUE SHIELD ASSOCIATION, an Illinois corporation; and DOES 1 through 50, inclusive,

Defendants.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 5011-1(a), Defendants Blue Cross Blue Shield Association, Blue Cross Blue Shield Plans ("Blue Plans"), and related entities (collectively, "Defendants" or "the Blues")[1] hereby remove—with reservation of all defenses and

[1] Plaintiffs have named the following entities in this lawsuit: Blue Cross of California; Anthem Blue Cross Life and Health Insurance Company; California Physicians' Service d/b/a Blue Shield of California; Blue Cross and Blue Shield of Alabama; Premera and Premera Blue Cross, also d/b/a Premera Blue Cross Blue Shield of Alaska; Blue Cross Blue Shield of Arizona, Inc.; Usable Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield; Anthem, Inc. f/k/a Wellpoint, Inc. d/b/a Anthem Blue Cross Life and Health Insurance Company; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield of Connecticut; Blue Cross and Blue Shield of Georgia; Rocky Mountain Hospital & Medical Service Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado; Anthem Blue Cross and Blue Shield of Nevada; Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross Blue Shield of Indiana; Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross Blue Shield of Kentucky; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield of Maine; HMO Missouri Inc., d/b/a Anthem Blue Cross Blue Shield of Missouri; RightCHOICE Managed Care, Inc.; Healthy Alliance Life Insurance Company; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield of New Hampshire; Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross Blue Shield; Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield of Ohio; Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield of Virginia, Inc.; Blue Cross Blue Shield of Wisconsin, d/b/a Anthem Blue Cross Blue Shield of Wisconsin; Compcare Health Services Insurance Corporation; Highmark Health Services and Highmark Inc. d/b/a Highmark Blue Shield and Highmark Blue Cross Blue Shield including Highmark Inc. predecessor Hospital Service Association of Northeastern Pennsylvania f/d/b/a Blue Cross of Northeastern Pennsylvania; Highmark Blue Cross Blue Shield Delaware Inc. d/b/a Highmark Blue Cross Blue Shield Delaware; Highmark West Virginia Inc. d/b/a Highmark Blue Cross Blue Shield West Virginia; CareFirst, Inc., Group Hospitalization and Medical Services, Inc., CareFirst of Maryland, Inc., CareFirst BlueChoice, Inc., which collectively d/b/a CareFirst BlueCross

rights—to the United States Bankruptcy Court for the Northern District of California (the "Court") the action entitled *VHS Liquidating Trust v. Blue Cross of California*, Case No. RG21106600 (the "Action"), which was originally filed in the Superior Court of California for the County of Alameda (the "State Court").

As set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) because this Court has original jurisdiction over the Action as it is "related to" the ongoing bankruptcy proceeding, *In re Verity Health System of California, Inc.*, No. 2:18-bk-20151 (Bankr. C.D. Cal. July 2, 2020) ("*In re Verity*").

## BACKGROUND

### A. The Bankruptcy Proceeding

1. Plaintiff VHS Liquidating Trust ("Trust" or "Liquidating Trust") "is the bankruptcy liquidator for Verity Health System of California Inc." ("Verity" or "Debtor"), created as part of the Verity Plan of Liquidation. First Am. Compl. ("Compl.") ¶ 110; *In re Verity*, No. 2:18-bk-20151, Dkt. 5466, § 6 (the "Plan" or the "Verity Bankruptcy Plan"), attached as **Exhibit A**.

---

BlueShield; Guidewell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida Inc.; Hawaii Medical Service Association d/b/a Blue Cross and Blue Shield of Hawaii; Regence BlueShield of Idaho, Inc.; Blue Cross of Idaho Health Service, Inc. d/b/a Blue Cross of Idaho; Cambia Health Solutions, Inc. d/b/a Regence BlueShield of Idaho, Inc., Regence Blue Cross Blue Shield of Oregon, Regence Blue Cross Blue Shield of Utah, Regence Blue Shield (Washington); Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Montana, including its predecessor, Caring for Montanans, Inc., Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, Blue Cross and Blue Shield of Texas, Inc.; Wellmark, Inc. and Wellmark Blue Cross and Blue Shield of Iowa, Wellmark of South Dakota, Inc. d/b/a Wellmark Blue Cross and Blue Shield of South Dakota; Blue Cross and Blue Shield of Kansas, Inc.; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross Blue Shield of Michigan Mutual Insurance Company; Aware Integrated, Inc., BCBSM, Inc. collectively d/b/a Blue Cross and Blue Shield of Minnesota; Blue Cross & Blue Shield of Mississippi; Blue Cross and Blue Shield of Kansas City; GoodLife Partners, Inc. and Blue Cross and Blue Shield of Nebraska; Horizon healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey; HealthNow Systems, Inc., HealthNow New York, Inc. d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York, Lifetime Healthcare, Inc., Excellus Health Plan, Inc. collectively d/b/a Excellus BlueCross BlueShield; Blue Cross and Blue Shield of North Carolina, Inc.; Noridian Mutual Insurance Company and HealthyDakota Mutual Holdings collectively d/b/a Blue Cross Blue Shield of North Dakota; Capital Blue Cross, Independence Health Group, Inc., Independence Hospital Indemnity Plan, Inc. f/k/a Independence Blue Cross; Triple-S Management Corporation, Triple-S Salud, Inc.; Blue Cross & Blue Shield of Rhode Island; Blue Cross Blue Shield of South Carolina; BlueCross BlueShield of Tennessee; Blue Cross and Blue Shield of Vermont; Blue Cross Blue Shield of Wyoming; and the Blue Cross Blue Shield Association.

2. Before its bankruptcy, Verity was a "not-for-profit healthcare services organization" that owned six California medical centers and hospitals. Compl. ¶ 111.

3. Verity voluntarily filed for Chapter 11 protection on August 31, 2018, in the United States Bankruptcy Court for the Central District of California. *In re Verity*, No. 2:18-bk-20151, Dkt. 1.

4. In his Initial Declaration in Support of Emergency First-Day Motions, Verity CEO Richard Adcock stated that Verity and its predecessors had struggled with "continuing operating losses," "low reimbursement rates[,] and the ever-changing healthcare landscape" before selling the health system to a private equity firm in 2015. *In re Verity*, No. 2:18-bk-20151, Dkt. 8 ¶¶ 84, 86. Despite the private equity firm's investment in the new health system, it continued to operate at a loss before ultimately filing for bankruptcy in August 2018. *Id.* ¶ 96.

5. Adcock listed several reasons why Verity believed it was in its current "fiscal crisis," including that "Verity is paid below market rates through its payor contracts with health plans," including specifically "Blue Cross" and "Blue Shield" healthcare plans. *Id.* ¶¶ 98–99. According to the Complaint in this Action, "Defendants' conduct was a substantial factor in causing that bankruptcy." Compl. ¶¶ 21, 22 ("[Verity] went bankrupt and closed due to the conduct at issue").

6. Verity's Second Amended Joint Chapter 11 Plan of Liquidation was confirmed on August 14, 2020. *In re Verity*, No. 2:18-bk-20151, Dkt. 5504 (confirming plan). The Chapter 11 cases remain open as the court continues adjudicating creditors' claims and the liquidating trustee works to implement the terms of the Plan.

7. The Plan specifically defines "Liquidating Trust Assets" as "all Assets of the [bankruptcy] Estates," including "all Causes of Action and the proceeds from the prosecution and/or settlement thereof[.]" **Ex. A**, Plan § 1.97.

8. Section 6.5(b)(vi) of the Plan charges the Liquidating Trust with responsibility to "sue on or defend, pursue, prosecute, abandon, or otherwise deal with and settle, in accordance with the terms of the Liquidating Trust Agreement, the Causes of Action in favor of or against the Liquidating Trust as the Liquidating Trustee shall deem advisable." *Id.* § 6.5(b)(vi).

9. The Plan expressly charges the Liquidating Trust with prosecuting this Action. Section 13.9(a)(ix) of the Plan reserves actions "arising from claims against health plans," such as the Blue Plans, for the Trust. *Id.* § 13.9(a)(ix).

**B. This Action**

10. On or about July 27, 2021, the Liquidating Trust and three corporate entities comprising "Prime," a nonprofit owner and operator of hospitals throughout the country (collectively with the Trust, the "Plaintiffs"), filed this antitrust Action in the Superior Court of California for the County of Alameda against the Blues.

11. Plaintiffs filed a First Amended Complaint (the "Complaint") on or about July 28, 2021, attached as **Exhibit B**.

12. Plaintiffs, who are or were owners and operators of healthcare providers, and are or were subscribers of Blue Plans for healthcare coverage, bring claims under the statutes of ten states, including the California Cartwright Act and Unfair Competition Law, the Alabama Deceptive Trade Practices Act, the Florida Antitrust Act and Deceptive Trade Practices Act, the Indiana Antitrust Act, the Kansas Restraint of Trade Act, the Michigan Antitrust Reform Act, the Nevada Unfair Trade Practices Act, the New Jersey Antitrust Act, Ohio Revised Code Section 1331.01 and common law, and the Rhode Island Antitrust Act. Plaintiffs allege that "Defendant Blues agreed with each other to allocate the United States into separate geographic 'Service Areas' in which only one Blue, or an agreed and limited number of Blues, could sell health insurance, administer employee benefit plans, or contract with healthcare providers." Compl. ¶ 4. The Complaint challenges other aspects of the Blue system as well, including so-called "revenue restriction agreements" (known as "Best Efforts Rules"), which purportedly limit how much revenue the Blue Plans can earn from non-Blue branded healthcare products. *Id.* ¶ 48.

**<u>THE NOTICE OF REMOVAL COMPLIES WITH THE</u>**
**<u>PROCEDURE FOR REMOVAL OF CIVIL ACTIONS</u>**

13. The Action is not a proceeding before the United States Tax Court.

14. The Action is not a civil action by a governmental unit to enforce its police or regulatory power.

15. Removal of the Action to this Court is proper pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

16. The Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was pending in the Superior Court of California for the County of Alameda.

17. This Court has "related to" jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b), as further explained below. The Liquidating Trust was created by the Plan and it brought this Action in order to implement the Plan and the responsibilities the Plan charges to the Trust. Moreover, the outcome of the Action may affect the estates and the amount of property available for distribution to the Debtor's creditors.

18. Removal is made directly to this Court under 28 U.S.C. § 1452(a) because this Court is the Court located in the district where the Action was originally pending, and pursuant to 28 U.S.C. § 157(a) and Bankruptcy Local Rule 5011-1(a) ("all civil proceedings . . . arising in or related to a case under Title 11 are referred to the Bankruptcy Judges of this District").

19. On August 23, 2021, Defendant Blue Shield of California was served with the Complaint. The other Defendants were served later, between August 24, 2021 and early September. No party has filed an answer or otherwise responded to the Complaint.

20. Because this Notice of Removal has been filed within 30 days of service, removal is timely under Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure.

21. Attached as **Exhibit C** is the docket from the Action as of the date of removal, which reflects the original complaint and First Amended Complaint, and copies of all accessible summons issued and affidavits of service on Defendants.

22. Promptly after filing this Notice of Removal, Defendants will serve a copy of it on all parties to the Action, as required by Federal Rule of Bankruptcy Procedure 9027(b).

23. Promptly after filing the Notice of Removal, Defendants will file with the State Court a copy of this Notice of Removal, as required by Federal Rule of Bankruptcy Procedure 9027(c).

24. As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendants consent to "entry of final orders or judgment by the bankruptcy court."[2]

**THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1334(b) AS A MATTER "RELATED TO" THE *IN RE VERITY* BANKRUPTCY PROCEEDINGS**

25. Under 28 U.S.C. § 1334(b), "district courts shall have original . . . jurisdiction of all civil proceedings . . . ***related to*** cases under title 11." (emphasis added).

26. "A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) (citation omitted).

27. Courts in the Ninth Circuit apply the "close nexus" test to determine whether a post-confirmation action such as this is "related to" a bankruptcy proceeding. *Id.* Under this test, subject-matter jurisdiction exists for at least "matters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed [bankruptcy] plan." *Id.* (internal quotation marks omitted).

28. The Complaint here is "related to" the title 11 bankruptcy proceeding because it meets the "close nexus" standard.

29. For example, the Liquidating Trust was created by the Verity Bankruptcy Plan and brought this Action to implement that Plan. The Trust alleges that it received this Action under the Plan from Debtor's bankruptcy estate. Compl. ¶ 113 (stating that the "Bankruptcy Court . . . transferred to it the Verity Health System of California, Inc. claims asserted in this lawsuit").

30. The Plan expressly charges the Liquidating Trust with pursuing "judicial proceedings" and "su[ing] on . . . the Causes of Action in favor of or against the Liquidating Trust as the Liquidating Trustee shall deem advisable," such as this Action. Plan § 6.5(b)(vi). And the Plan explicitly reserves

---

[2] Defendants expressly reserve any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction, insufficient process, and/or insufficient service of process. *See, e.g.*, *Carter v. Bldg. Material & Constr. Teamsters' Union Loc. 216*, 928 F. Supp. 997, 1001 (N.D. Cal. 1996) ("A petition for removal affects only the forum in which the action will be heard; it does not affect personal jurisdiction.") (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (removal to federal court does not waive right to object to lack of personal jurisdiction)).

to the Liquidating Trust claims "arising from claims against health plans" such as the Blue Plans. *Id.* § 13.9(a)(ix).

31. The Liquidating Trust purports to bring claims for alleged misconduct "starting at least as early as 2008." Compl. ¶ 9. These claims were thus part of the bankruptcy estate when the Chapter 11 petition was filed. The claims allegedly were transferred to the Liquidating Trust on confirmation of the Verity Bankruptcy Plan so that the Trust could pursue them on behalf of Verity's creditors. *Id.* ¶ 113.

32. Further, as noted, the Liquidating Trust explicitly alleges that "Defendants' conduct was a substantial factor in causing that bankruptcy." Compl. ¶¶ 21, 22 ("[Verity] went bankrupt and closed due to the conduct at issue"). If the Action is successful and Defendants are found to be liable, or the parties settle, the Trust may be awarded funds that would likely affect the administration of the estates and the amount of property available for distribution.

33. "Related to" jurisdiction additionally exists here because the validity of the Liquidating Trust's claims and damages may depend on the interpretation of the Plan's provisions. Specifically, Plaintiffs seek damages for hospitals that were allegedly harmed by Defendants' conduct starting in 2008 and continuing until today, and seek to recover assets. Compl. ¶ 627. The Liquidating Trust, however, did not receive a wholesale transfer of every hospital's assets; the Plan's definition of "Liquidating Trust Assets" carves out, *inter alia*, "Operating Assets" as well as "Hospital Purchased Assets," Plan § 1.97. An interpretation of the Plan may therefore be necessary in this Action.

## RESERVATION OF RIGHTS

34. Nothing in this Notice of Removal shall be interpreted to waive any Defendant's right to assert any defense, counterclaim, or affirmative matter, including, but not limited to, lack of personal jurisdiction. In addition, Defendants do not concede the legal sufficiency of Plaintiffs' claims.

35. Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the facts which entitle the party filing the notice to remove." *See* Fed. R. of Bankr. P. 9027(a)(1).

**WHEREFORE**, Defendants respectfully remove this action to this Court from the California Superior Court for the County of Alameda.

DATED: September 22, 2021

Respectfully submitted,

*/s/ Michael P. Esser*

Mark McKane (SBN 230552)
mmckane@kirkland.com
Michael P. Esser (SBN 268634)
michael.esser@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Daniel Laytin (pro hac vice application forthcoming)
dlaytin@kirkland.com
Zachary Holmstead (pro hac vice application forthcoming)
zachary.holmstead@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Defendant Blue Cross Blue Shield Association*

Craig A. Hoover (SBN 113965)
E. Desmond Hogan (pro hac vice application forthcoming)
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com

Christopher J. Cox (SBN 151650)
HOGAN LOVELLS US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025
Tel: (650) 463-4078
Fax: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Anthem, Inc., f/k/a WellPoint,*

Christopher J. Kelly (SBN 276312)
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306
Tel: (650) 331-2025
Fax: (650) 331-2060
cjkelly@mayerbrown.com

Evan R. Chesler (Bar No. N/A)
Christine A. Varney (pro hac vice application forthcoming)
Karin A. DeMasi (pro hac vice application forthcoming)
Lauren R. Kennedy (pro hac vice application forthcoming)
David H. Korn (pro hac vice application forthcoming)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000

*Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Aware Integrated, Inc.; Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera and Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

R. David Kaufman
M. Patrick McDowell
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
dkaufman@brunini.com
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

Fax: (212) 474-3700
echesler@cravath.com
cvarney@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com

*Counsel for Defendants Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Florida, Inc.; Guidewell Mutual Holding Corp.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina, Inc.; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.*

James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Nicholas J. Boos
MAYNARD, COOPER & GALE PC
2 Embarcadero Center, Suite 1450
San Francisco, CA 94111
Tel: (415) 646-4674
Fax: (205) 714-6709
nboos@maynardcooper.com

Pamela B. Slate

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company*

Shane J. Moses
Michael A. Naranjo
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104
Tel: (415) 434-4484
Fax: (415) 434-4507
mnaranjo@foley.com
smoses@foley.com

*Counsel for Defendant USAble Mutual Insurance Company, doing business as Arkansas Blue Cross and Blue Shield*

Shane J. Moses
Michael A. Naranjo
Foley & Lardner LLP
555 California Street, Suite 1700
San Francisco, CA 94104
Tel: (415) 434-4484
Fax: (415) 434-4507
mnaranjo@foley.com
smoses@foley.com

M. Patrick McDowell (pro hac vice application forthcoming)
James A. McCullough (pro hac vice application forthcoming)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
jmccullough@brunini.com

*Counsel for Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company*

Grant Waterkotte (SBN 215007)
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Mark McKane (SBN 230552)
mmckane@kirkland.com
Michael P. Esser (SBN 268634)
michael.esser@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
hwitt@kirkland.com
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark Blue Cross Blue Shield Delaware Inc.*

Jonathan M. Redgrave
REDGRAVE, LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
gwaterkotte@pettitkohn.com

Robert K. Spotswood (pro hac vice application forthcoming)
Joshua K. Payne (pro hac vice application forthcoming)
Jess R. Nix (pro hac vice application forthcoming)
SPOTSWOOD SANSOM & SANSBURY LLC
505 20th Street North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
rks@spotswoodllc.com
jpayne@spotswoodllc.com
jnix@spotswoodllc.com

*Counsel for Defendant Capital BlueCross*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

Mark Punzalan (SBN 247599)
Lawrence Ng (SBN 328082)
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, California 94111
Tel: (415) 839-0063
mark@chanpunzalan.com
lawrence@chanpunzalan.com

*Counsel for Defendant, Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield; and Lifetime Healthcare, Inc.*

Mark McKane (SBN 230552)
mmckane@kirkland.com

jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants*

Todd M. Stenerson
Brian C. Hauser
Edmund Y. Saw
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com
edmund.saw@shearman.com

John F. Cove, Jr. (SBN 212213)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Tel: (415) 616-1100
Fax: (415) 616-1199
john.cove@shearman.com

*Counsel for Defendant Blue Cross and Blue Shield of Michigan*

John DeQ.Briggs
Rachel J. Adcox
Jeny M. Maier
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
radcox@axinn.com
jmaier@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
Tel: (415) 490-1486
Fax: (415) 490-2001
dbitton@axinn.com

Michael P. Esser (SBN 268634)
michael.esser@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415)-439-1400
Facsimile: (415) 439-1500

Daniel E. Laytin (pro hac vice application forthcoming)
Zachary Holmstead (pro hac vice application forthcoming)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
zachary.holmstead@kirkland.com
daniel.laytin@kirkland.com

*Counsel for Defendants Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc.; and Triple-S Management Corp.*

*Counsel for Defendant Independence Blue Cross; Independence Health Group, Inc.*

Rebecca M. Suarez (SBN 284853)
rsuarez@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Kathleen Taylor Sooy (pro hac vice application forthcoming)
ksooy@crowell.com
Tracy A. Roman (pro hac vice application forthcoming)
troman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Sarah M. Gilbert (pro hac vice application forthcoming)
sgilbert@crowell.com
Honor R. Costello (pro hac vice application forthcoming)
hcostello@crowell.com
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

*Counsel for Defendants Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City; GoodLife Partners, Inc.; Blue Cross and Blue Shield of Nebraska; Blue Cross Blue Shield of Arizona; HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota; Blue Cross Blue Shield of Wyoming; HealthNow Systems, Inc.; Highmark Western and Northeastern New York Inc.*

**CERTIFICATE OF SERVICE**

I, Michael P. Esser, attorney for Defendant Blue Cross Blue Shield Association, certify that, on September 22, 2021, I caused a copy of the foregoing to be served, via email and overnight mail, on the following counsel:

Patrick M. Ryan
Patrick E. O'Shaughnessy
John F. McLean
Oliver Q. Dunlap
Sean R. McTigue
BARTKO ZANKEL BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
pryan@bzbm.com
poshaughnessy@bzbm.com
jmclean@bzbm.com
odunlap@bzbm.com
smctigue@bzbm.com

*Counsel for Plaintiffs*

*/s/ Michael P. Esser*
Michael P. Esser